# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 18, 2024

Mr. Jared Kelson
Boyden Gray, P.L.L.C.
801 17th Street, N.W.
Suite 350
Washington, DC 20006

Mr. R. Trent McCotter
Boyden Gray, P.L.L.C.
801 17th Street, N.W.
Washington, DC 20006

Ms. Jessica Thi Nyman
Pillsbury Winthrop Shaw Pittman, L.L.P.
401 Congress Avenue
Suite 1700
Austin, TX 78701

    No. 24-60219    National Relig Broadcasters v. FCC
                    Agency No. 24-18

Dear Counsel,

We have filed the certified list.  PETITIONER'S BRIEF AND EXCERPTS ARE DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See Fed. R. App. P. and 5th Cir. R. 28, 30 and 31.  Except in the most extraordinary circumstances, the maximum extension for filing briefs is 40 days in agency cases.  See also Fed. R. App. P. 30.1.2 and Fed. R. App. P. 31.1 to determine if you have to file electronic copies of the brief and record excerpts, and the Portable Document Format (PDF) you MUST use.  See also Fed. R. App. P. 30.1 for the contents of the Record Excerpts which are filed instead of an appendix.  You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf".  An intervenor's time is governed by Fed. R. App. P. 31.2.  Fed. R. App. P. 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

**The caption for this appeal is attached, and we ask you to use it on any briefs filed with this court.**

Because this case is proceeding on a certified list of documents instead of the record, see Fed. R. App. P. 30.2. Petitioner must obtain a copy of the portions of the record relied upon by the parties in their briefs, and file them within 21 days from the date of filing of respondent's brief, with suitable covers, numbering and indexing.

<u>Brief Template:</u>  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

Since this agency has filed the administrative record, an appendix and/or record excerpts are not required in this type of case.

**<u>Guidance Regarding Citations for Administrative Records</u>**

See 5th Cir. R. 28.2.2 - You must use the proper citation format when citing to the electronic administrative record.

Within the electronic record, the record citation cited at the bottom left hand side of the page is the proper citation to be used.

An example of a proper record citation format is, "ROA" followed by a period, followed by the page number.  For example, "ROA.123". See 5th Cir. R. 28.2.2.

**<u>Reminder as to Sealing Documents on Appeal:</u>**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.


Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Roeshawn Johnson, Deputy Clerk
504-310-7998

Enclosure(s)

cc w/encl:
    Ms. P. Michele Ellison

Mr. Merrick Garland, U.S. Attorney General
Mr. Jacob Matthew Lewis
Mr. Rachel Proctor May
Mr. Robert B. Nicholson
Mr. Robert J. Wiggers

Case No. 24-60219

National Religious Broadcasters; American Family Association,

                Petitioners

v.

Federal Communications Commission; United States of America,

                Respondents

consolidated with

No. 24-60226

Texas Association of Broadcasters,

                Petitioner

v.

Federal Communications Commission; United States of America,

                Respondents