# Ex. 3

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| NATIONAL RELIGIOUS BROADCASTERS; AMERICAN FAMILY ASSOCIATION,<br>*Petitioners,*<br>v.<br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br>*Respondents* | Case No. 24-60219 |
| *Consolidated with*<br>TEXAS ASSOCIATION OF BROADCASTERS,<br>*Petitioner,*<br>v.<br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA<br>*Respondents.* | Case No. 24-60226 |

## **DECLARATION OF PAUL L. GLEISER**

I, Paul L. Gleiser, hereby state as follows:

    1.    I am over the age of 18 years, and I make this declaration based on my personal knowledge of the matters stated herein.

2. I am the Managing Member of ATW Media, LLC ("ATW Media"), the licensee of three broadcast radio stations: KTBB-FM, Troup, TX; KRWR(FM), Tyler, TX; and KTBB(AM); Tyler, TX

3. ATW Media is a member in good standing of the Texas Association of Broadcasters, a trade association that represents the interests of Texas radio and television broadcast stations, including with respect to protection against excessive or improper regulatory burdens that may impede fair employment practices and the privacy rights of broadcast stations and their employees.

4. I understand that the Federal Communications Commission (the "FCC") issued a *Fourth Report and Order, Order on Reconsideration, and Second Further Notice of Proposed Rulemaking*, MB Dkt. No. 98-204 (rel. Feb. 22, 2024) (the "Order"), requiring radio and television broadcast station employment units with five or more full-time employees to file with the FCC—and publicly disclose via the FCC's website—the race, ethnicity, and sex of its employees, sorting each into one of ten job categories, via Form 395-B.

5. The FCC defines a "station employment unit" as "a station or a group of commonly owned stations in the same market that share at least one employee." 47 C.F.R. § 73.2080(e)(2).

6. ATW Media is subject to the Order's Form 395-B filing and disclosure requirements because its station employment unit employs more than five full-time employees.

7. ATW Media will be harmed if it is required to comply with the Order's Form 395-B filing and public disclosure requirements.

8. First, the Order imposes an increased regulatory burden on ATW Media that will require it to spend time and resources each year on surveying its employees to collect the requisite data, preparing the Form 395-B report, and filing the report with the FCC. ATW Media expects it would also incur additional legal expenses, as it will need assistance with ensuring compliance with the Form 395-B requirement and responding to any third-party claims challenging the accuracy of or otherwise based on ATW Media's Form 395-B filings.

9. Second, the Order puts pressure on ATW Media to consider race and sex in employment decisions to avoid drawing negative attention from the FCC or any number of third-party groups that have expressed intent to use stations' Form 395-B filings to judge whether a station's workforce contains the "right" number of employees of a certain race or sex.

10. Third, the Order will require ATW Media to make disclosures to the FCC and the public at large that ATW Media otherwise would not choose to make.

11. These harms can only be avoided if the Order is vacated or otherwise made unenforceable prior to the FCC establishing a compliance date for filing and publishing Form 395-B.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on August 26, 2024

Paul L. Gleiser
Managing Member
ATW Media, LLC