Nos. 24-60219, 24-69226

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

NATIONAL RELIGIOUS BROADCASTERS, AMERICAN FAMILY ASSOCIATION, AND TEXAS ASSOCIATION OF BROADCASTERS,

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION AND UNITED STATES OF AMERICA,

*Respondents.*

ON PETITION FOR REVIEW OF AN ORDER OF THE
FEDERAL COMMUNICATIONS COMMISSION

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF THE NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., ASIAN AMERICANS ADVANCING JUSTICE | AAJC, NATIONAL WOMEN'S LAW CENTER, OFFICE OF COMMUNICATIONS OF THE UNITED CHURCH OF CHRIST, INC., NATIONAL PARTNERSHIP FOR WOMEN AND FAMILIES, THE GLOBAL BLACK ECONOMIC FORUM, LATINOJUSTICE PRLDEF, NATIONAL CENTER FOR LESBIAN RIGHTS & SOUTHERN POVERTY LAW CENTER AS *AMICI CURIAE* IN SUPPORT OF RESPONDENTS**

Janai S. Nelson
  *President & Director-Counsel*
NAACP LEGAL DEFENSE & EDUCATIONAL
  FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

Noah Baron
Alizeh Ahmad
ASIAN AMERICANS ADVANCING JUSTICE-
  AAJC
1620 L Street NW, Suite 1050
Washington, DC 20036

Jin Hee Lee
Michaele N. Turnage Young
  *Counsel of Record*
Amalea Smirniotopoulos
Kacey Mordecai
Avatara Smith-Carrington
NAACP LEGAL DEFENSE & EDUCATIONAL
  FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
mturnageyoung@naacpldf.org
*Counsel for Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29, the NAACP Legal Defense & Educational Fund, Inc. ("LDF"), Asian Americans Advancing Justice | AAJC ("Advancing Justice-AAJC"), National Women's Law Center, Office of Communications of the United Church of Christ, Inc., National Partnership for Women and Families, The Global Black Economic Forum, LatinoJustice PRLDEF, National Center for Lesbian Rights, and Southern Poverty Law Center respectfully move this Court for leave to file a brief as *amici curiae* in support of Respondents. The proposed brief accompanies this motion as an attachment.

*Amici curiae* sought and gained consent for the filing of this brief from all parties.

## MOVANTS' INTEREST

LDF is the nation's first and foremost civil rights law organization. Founded in 1940 under the leadership of Thurgood Marshall, LDF strives to secure equal justice under the law for all people in the United States and to break down barriers that prevent Black people and other people of color from actualizing their basic civil and human rights. Through litigation, LDF seeks to defend and advance the proper interpretation of the constitutional guarantee of equal protection and anti-discrimination laws to ensure that our judicial system champions equality and opportunity.

For over five decades, LDF has advocated for racial integration and equality

and has worked to eradicate exclusionary practices that are unjust. To that end, LDF has litigated several matters to break down barriers to equal opportunity in education, housing, employment, and other areas that shape the ability of Black people to thrive and reach their full potential. *See*, *e.g.*, *Allen v. Milligan*, 599 U.S. 1, 13 (2023); *Lewis v. Chicago*, 560 U.S. 205 (2010); *Anderson v. Bessemer City*, 470 U.S. 564 (1985); *Pullman-Standard v. Swint*, 456 U.S. 273 (1982); *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975); *Phillips v. Martin Marietta Corp.*, 400 U.S. 542 (1971); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Brown v. Bd. of Educ.*, 347 U.S. 483 (1954); *Shelley v. Kraemer*, 334 U.S. 1 (1948).

Asian Americans Advancing Justice | AAJC ("Advancing Justice-AAJC") is a nonprofit, nonpartisan organization that seeks to advance the civil and human rights of Asian Americans and to build an equitable society for all. Advancing Justice-AAJC is a leading expert on issues of importance to the Asian American community, including the census, voting, telecommunications and technology, educational equity, immigrant rights, and anti-racial profiling.

Advancing Justice-AAJC's work on telecommunications and technology has included submitting comments as part of the Federal Communications Commission's (FCC) rulemaking process, including here, detailing the effect proposed rules may have on Asian American communities. Advancing Justice-AAJC has also participated as amicus curiae in many cases touching on these issues,

including most recently in *Minnesota Telecom Alliance v. FCC*, No. 24-1179 (8th Cir.).

This brief is also submitted on behalf of *amici curiae* National Women's Law Center, Office of Communications of the United Church of Christ, Inc., National Partnership for Women and Families, The Global Black Economic Forum, LatinoJustice PRLDEF, National Center for Lesbian Rights, and Southern Poverty Law Center. *Amici* have a substantial interest in the outcome of this case, which will affect the ability of the FCC to collect demographic data that is neutral, routine, and essential to the federal government's operations.

## REASONS FOR AND RELEVANCE OF *AMICI CURIAE*

Petitioners ask this Court to adopt the radical view that the mere collection and disclosure of demographic data violates the U.S. Constitution because it permits the FCC and the public to ascertain the racial and gender makeup of the broadcasters' workforces. Their novel argument requires the Court to indulge two logical fallacies. First, that the collection and reporting of demographic data from every broadcaster subject to this rule imposes differential treatment. And second, that collection and disclosure of this statistical data subject broadcasters to insurmountable pressure, forcing them to engage in illegal hiring discrimination. The Court should reject these flawed and unsupported arguments from Petitioners.

The FCC's Review of its Broadcast and Cable Equal Employment Opportunity Rules and Policies, Fourth Report and Order, reinstates Form 395-B to collect and publish demographic data related to the race and gender of its licensees' employees.[1] Form 395-B is one part of the broader effort by the federal government to collect data so that it can plan, fund, and evaluate government programs and policies in a manner that fairly serves the needs of all people in the United States. Absent some impermissible, subsequent action, Form 395-B does not violate equal protection guarantees because the FCC's collection of demographic data is a race and gender-neutral activity. No court has ever found otherwise.

Petitioners' presumption that such government action is unconstitutional despite the FCC's assurances of no improper, subsequent action, as well as their speculation about possible "pressure campaigns" from third parties, are unfounded. *Id*. at 55. Moreover, Petitioners engage in multiple inferential leaps when suggesting that broadcast licensees will make unlawful employment decisions under such pressure campaigns, ignoring that licensees' continuing compliance with federal law does not oblige companies to engage in illegal hiring discrimination even where accurate statistical reporting indicates an underrepresentation.

Further, contrary to Petitioners' assertions, Form 395-B disclosures do not implicate the First Amendment: their collection and publication involve neither

---

[1] Pet. for Rev., Ex. A ("Fourth Report and Order"), Dkt. No. 1-1.

viewpoint nor message. Even if that were not the case, publication of the demographic information in Form 395-B provides only factual and uncontroversial information, which would not merit heightened scrutiny and falls squarely within the types of speech that are encouraged to promote accuracy, transparency, and education.

In actuality, Petitioners seek to shield the collected information from public scrutiny despite the importance of accurate demographic data to the federal government, investors, the general public, and the industry's various stakeholders for any number of legal, informational, and educational purposes. *See, e.g.*, Br. of the NAACP Legal Def. & Educ. Fund, Inc. as Amicus Curiae in Supp. of Resp't & Intervenor, *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226 (5th Cir. 2023). *Amici*, therefore, respectfully urge this Court to decline the Petitioners' invitation to prohibit the collection and disclosure of such important statistical data and uphold the FCC's adoption of Form 395-B's data collection requirements.

## CONCLUSION

Accordingly, *amici curiae* respectfully requests that this Court grant leave to file the accompanying amicus brief.

Dated: October 4, 2024

Respectfully submitted,

*/s/ Michaele N. Turnage Young*

Janai S. Nelson
  *President & Director-Counsel*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, Fifth Floor
New York, NY 10006

Jin Hee Lee
Michaele N. Turnage Young
  *Counsel of Record*
Amalea Smirniotopoulos
Kacey Mordecai
Avatara Smith-Carrington
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
mturnageyoung@naacpldf.org

Noah Baron
Alizeh Ahmad
ASIAN AMERICANS ADVANCING JUSTICE-
  AAJC
1620 L Street NW, Suite 1050
Washington, DC 20036

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I certify on this 4th day of October, 2024, that I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF filing system. I further certify that all participants in this case are registered CM/ECF users and that all service will be accomplished by the appellate CM/ECF system.

*/s/ Michaele N. Turnage Young*
Michaele N. Turnage Young

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I certify on this 4th day of October, 2024, that this motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 27(d)(2)(A). This motion totals 1,041 words and has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font.

*/s/ Michaele N. Turnage Young*
Michaele N. Turnage Young

*Counsel for Amici Curiae*