

**Federal Communications Commission**
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

December 23, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals
   for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:    Response to Rule 28(j) Letter filed December 17, 2024, in *National Religious Broadcasters v. FCC*, No. 24-60219, and *Texas Association of Broadcasters v. FCC*, No. 24-60226

Dear Mr. Cayce:

We respond to petitioners' letter concerning *Alliance for Fair Board Recruitment v. SEC*, No. 21-60626 (12/17/24 Letter Ex. A). That decision does not support petitioners' challenge to the Order here.

In *Alliance*, the SEC had approved Nasdaq-proposed "diversity" rules under which companies would be required not only to "disclose" demographic information about their directors but also "to have (or explain why they do not have) at least two directors who meet Nasdaq's definition of 'diverse.'" Ex. A.2. The Court held that the SEC had failed to tie these rules to the purposes of the Securities Exchange Act of 1934 and, therefore, lacked authority to approve them. Ex. A.2–4, 23–31.

FCC Form 395-B is not analogous. The "Disclosure Rule" in *Alliance* was designed to further Nasdaq's "diversity objectives." Ex. A.38; *see* Ex.A.30. By contrast, Form 395-B is not linked to—and the FCC has not imposed—any diversity goals. Whereas Nasdaq would have required companies to explain why they did not meet the government's diversity targets, the FCC's rules expressly "prohibit…the use of…Form 395-B data" for any purpose other than monitoring and reporting on industry employment trends. Resp. Br. 46 (quoting Order ¶45).

The FCC's statutory authority also meaningfully differs from the SEC's in *Alliance*. *See* Ex. A.3–4, 22 (SEC's authority to approve Nasdaq's rules limited to rules promoting specifically enumerated, and directly ancillary, purposes). Unlike the Securities Act, the Communications Act of 1934, as amended, grants the FCC

express authority to collect Form 395-B data. 47 U.S.C. § 334(a); *see* Br. 19–23. Moreover, the FCC's "authority to regulate broadcast media" under the Communications Act is comparatively "broad." *FCC v. Prometheus Radio Project*, 592 U.S. 414, 418 (2021). The FCC has long understood that authority to allow the collection and disclosure of demographic data from broadcasters, and Congress has ratified that view. Resp. Br. 15–19. This is thus not a case in which the agency has "claimed to discover in [vague language of] a long-extant statute an unheralded power." Ex. A.33 (quoting *West Virginia v. EPA*, 597 U.S. 697, 724 (2002)).

Respectfully submitted,

/s/  *Jacob M. Lewis*

Jacob M. Lewis
*Deputy General Counsel*

cc:     Counsel of Record (via CM/ECF)